UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT A. CANNON,<br>    Petitioner,<br><br>v.<br><br>OFFICER PARKER, *et al.*,<br>    Respondents | Civil Action No. 21-2469 (CKK) |

**MEMORANDUM OPINION**
(November 15, 2021)

Petitioner Robert A. Cannon, proceeding *pro se*, filed a pleading styled "Motion for Relief Under 18 U.S.C. § 3771(d)(3)" on September 16, 2021.  *See* Motion for Relief under 18 U.S.C. § 3771 ("Mot."), ECF No. 1.  Therein, Petitioner alleges that he was arrested by Officers Parker and Lee of the United States Capitol Police when he attempted to deliver a petition to the Cannon House Office Building of the United States Congress on January 4, 2021.  *See* Mem. of Points & Authorities ("Mem.") at 12.[1]  Petitioner alleges that he encountered Officers Parker and Lee at the office building's visitor entrance.  They informed him that he was not permitted to enter the building due to access restrictions resulting from the COVID-19 pandemic and instructed him to call a Congressional employee.  *Id.* at 39.  Petitioner claims that he told the officers that he lived abroad, and so did not have a Congressional representative to contact.  *Id.*  He claims that Officer Parker "began threatening" Petitioner, and Officer Lee subsequently arrested him.  *Id.* at 39–40.

Petitioner asserts that he is a "crime victim" as a result of this encounter and seeks the following relief: (1) an order compelling a representative of the United States Attorney General to initiate an investigation within 30 days into his alleged deprivation of the right to petition the

---

[1] Petitioner's Memorandum of Points and Authorities in support of his Motion for Relief under 18 U.S.C. § 3771 begins on page 12 of the PDF filed at ECF No. 1.

1

government and to confer with Petitioner regarding any such investigation, *id.* at 48–49 ¶¶ (i), (ii), (iii); (2) an order requiring Petitioner to be notified of any plea agreement or deferred prosecution agreement entered as a result of any such investigation, *id.* at 49 ¶ (iv); (3) an order requiring that Petitioner be made an "interested party" to any prosecution of the Capitol Police Officers and that he be informed of and given the opportunity to participate in any related court proceeding, *id.* at 49–50 ¶ (vi); (4) a restraining order requiring Officers Parker and Lee to "stay away" from Petitioner, *id.* at 49 ¶ (v); and (5) an order that Petitioner "not be required by this court" to enter the District of Columbia, but instead be permitted to participate in any criminal proceeding remotely by videoconference, *id*. at 50 ¶¶ (vii), (viii).

Because Petitioner proceeds *pro se*, the Court must liberally construe his pleading. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). However, it is "well settled in in this Circuit that a court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6), prior to service and without providing the plaintiff with notice or an opportunity to respond, where it is 'patently obvious' that the plaintiff cannot prevail on the facts alleged in the complaint." *Prince v. Pardue*, 2010 WL 724705, at *2 (D.D.C. Feb. 24, 2010) (citing *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990)); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (As applicable to a *pro se* party, "[n]othwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."). For the reasons set forth below, the Court finds that Petitioner's Motion states no plausible claim for relief, and so the Court shall **DENY** Petitioner's Motion for Relief and **DISMISS** this case.

First, to the extent Petitioner seeks a court order compelling the United States Attorney General or a representative thereof to "investigate" the Capitol Police Officers who arrested him, the Court lacks authority to do so. The Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480–81 (D.C. Cir. 1995) ("In both civil and criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review."); *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.").

To the extent Petitioner seeks other forms of relief the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, those requests for relief also fail. The CVRA provides that a "crime victim" is afforded certain rights "[i]n any court proceeding involving an offense against the crime victim." § 3771(b). These rights include:

(1) The right to be reasonably protected from the accused.
(2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
(3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
(4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.
(5) The reasonable right to confer with the attorney for the Government in the case.
(6) The right to full and timely restitution as provided in law.
(7) The right to proceedings free from unreasonable delay.

  (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.
  (9) The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement.
  (10) The right to be informed of the rights under this section and the services described in section 503(c) of the Victims' Rights and Restitution Act of 1990 (42 U.S.C. 10607(c)) [1] and provided contact information for the Office of the Victims' Rights Ombudsman of the Department of Justice.

*Id.* § 3771(a).

  The United States Court of Appeals for the Eleventh Circuit recently concluded that the CVRA does *not* create a "private right of action" for an alleged crime victim to assert the above-listed rights "before the commencement of criminal proceedings." *In re Wild*, 994 F.3d 1244, 1256 (11th Cir. 2021). In other words, the CVRA does not "create a private right of action by which a[n] [alleged] victim can initiate a freestanding lawsuit, wholly unconnected to any preexisting criminal prosecution and untethered to any proceeding that came before it." *Id.* at 1257; *see also id.* at 1256 (an alleged crime victim's rights are not "judicially enforceable outside the confines of an existing proceeding).

  However, even if Petitioner "*could* bring a freestanding motion to enforce rights under the CVRA, the action still must be dismissed because he fails to allege facts that support a cognizable claim for relief." *Richardson v. Blevins*, 2021 WL 4291014, at *1 (D. Colo. Sept. 21, 2021). The "*very first* determination that a court must make when asked to enforce the CVRA is whether the party seeking the Act's benefit is a 'crime victim.'" *In re Wild*, 994 F.3d at 1261. Petitioner's factual allegations fail to state a claim that he was the victim of a "crime." He alleges that he was arrested by Officers Parker and Lee after insisting on gaining access to an office building of the United States Congress, which had restrictions on access in place in light of the ongoing COVID-19 pandemic. It is unclear to the Court how these facts sufficiently allege that he was the victim of a "crime."

Moreover, many of Petitioner's requests for relief rely on the assumption that a criminal prosecution has been or will be initiated against the Capitol Police Officers who arrested him. But there is no allegation that those officers have been arrested or that a grand jury has returned an indictment. "As a result, there is no 'accused' person from whom Petitioner may seek protection for purposes of the CVRA." *Richardson*, 2021 WL 4291014, at *1; *see also Stegman v. United States*, 2015 WL 728487 at *1 (D. Kan. Feb. 19, 2015); *United States v. Daly*, 2012 WL 315409 at *4 (D. Conn. Feb. 1, 2012) ("A person is not 'the accused' [for purposes of the CVRA] absent an indictment by the grand jury or some action by the government to bring a charge; one does not become 'the accused' simply because another person complains.").

For the foregoing reasons, the Court concludes that Petitioner has failed to state a claim for relief under the CVRA. Accordingly, the Court shall deny Petitioner's [1] Motion and shall dismiss this case. An appropriate Order accompanies this Memorandum Opinion.

      /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: November 15, 2021